UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| Richard Schultz | ) | CASE NO: 5:24CV00365 |
| | ) | |
| Plaintiff, | ) | JUDGE JOHN ADAMS |
| | ) | |
| v. | ) | **OPINION AND ORDER** |
| | ) | |
| Eugene A. Lucci, et al. | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

*Pro se* plaintiff Richard Schultz filed this civil rights action against Judge Eugene A. Lucci, Judge Robert J. Patton, Judge John J. Eklund, and Judge Melissa Roubic. (Doc. No. 1). Plaintiff's complaint concerns a Portage County Court of Common Pleas, Domestic Relations Division case and a divorce decree entered in 2022. Plaintiff appears to object to action undertaken in the course of the domestic relations proceedings. Plaintiff's complaint does not include specific factual allegations of misconduct or legal claims against each of the named defendants; rather, Plaintiff claims that Portage County "is completely corrupt," has a "record of [his ex-wife] lying to the police," and colluded with his ex-wife when the county did not press charges against the person with whom his ex-wife allegedly "cheated." (*Id.* at 2-4). Plaintiff also claims that "defendants" discriminate against individuals with disabilities in violation of the Americans with

Disabilities Act ("ADA") and "a common theme is fraud between all of the defendants." (*Id.* at 3, 4).

Plaintiff lists the following "issues [] to be reviewed": violation of the ADA; violation of due process, "including violation of federal bankruptcy protection"; filing a false charge "with no less than one missing element"; robbery "of [his] cash while being detained and if charges had been filed against my money via civil forfeiture"; and "the possibility and probability that above is widespread." (*Id.* at 3). Plaintiff asks the Court to grant judgment in his favor. He also seeks declaratory, injunctive, and compensatory relief.

## I. Standard of Review

*Pro se* pleadings are liberally construed. *Boag v. MacDougall*, 454 U.S. 364, 365, 102 S. Ct. 700, 70 L. Ed. 2d 551 (1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). However, the lenient treatment accorded *pro se* litigants "has limits." *Pilgrim v. Littlefield*, 92 F.3d 413, 416 (6th Cir. 1996). *Pro se* plaintiffs must still meet basic pleading requirements and courts are not obligated to conjure allegations on their behalf or construct claims for them. *See Grinter v. Knight*, 532 F.3d 567, 577 (6th Cir. 2008); *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985) (finding that requiring courts "to explore exhaustively all potential claims of a pro se plaintiff . . . would . . . transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party").

Furthermore, it is well-established that the federal courts "are under an independent obligation to examine their own jurisdiction" in cases before them. *Kusens v.*

*Pascal Co., Inc.*, 448 F.3d 349, 359 (6th Cir. 2006). A district court may *sua sponte* dismiss a fee-paid complaint under Federal Rule of Civil Procedure 12(b)(1) "for lack of subject matter jurisdiction" when its allegations "are totally implausible, attenuated, unsubstantial, frivolous, devoid of merit, or no longer open to discussion." *Apple v. Glenn*, 183 F.3d 477, 479 (6th Cir. 1999) (per curiam) (citing *Hagans v. Lavine*, 415 U.S. 528, 536-37, 94 S. Ct. 1372, 39 L. Ed. 2d 577 (1974)). Dismissal on a *sua sponte* basis is also authorized where the asserted claims lack an arguable basis in law, or if the district court lacks subject matter jurisdiction over the matter. *Id.* at 480; *see also Neitzke v. Williams*, 490 U.S. 319, 109 S. Ct. 1827, 104 L. Ed. 2d 338 (1989); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197 (6th Cir. 1996); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir. 1990). A district court may therefore *sua sponte* dismiss a claim under Rule 12(b)(1) where the claim lacks the "legal plausibility necessary to invoke federal subject matter jurisdiction." *Id.* at 480. Under these circumstances, a district court need not provide the plaintiff the opportunity to amend his or her complaint. *Id.* at 479.

Lack of subject matter jurisdiction is a non-waivable, fatal defect. *Von Dunser v. Aronoff*, 915 F.2d 1071, 1074 (6th Cir.1990).

## II. Discussion

To the extent Plaintiff is asking the Court to overturn the final judgment of divorce decree and issue judgment in his favor, the Court cannot grant that relief pursuant to the *Rooker-Feldman* doctrine. *See Dist. of Columbia Court of Appeals v. Feldman*, 460 U.S. 462, 483, 103 S. Ct. 1303, 75 L. Ed. 2d 206 (1983); *Rooker v. Fidelity Trust Co.*, 263 U.S. 413, 415-16, 44 S. Ct. 149, 68 L. Ed. 362 (1923). Under this principle, a party losing his or her case in state court is barred from seeking what in substance would be

appellate review of the state judgment in a United States District Court based on the party's claim that the state judgment itself violates his or her federal rights. *Berry v. Schmitt*, 688 F.3d 290, 298-99 (6th Cir. 2012). United States District Courts lack jurisdiction to overturn state court decisions even if the request to reverse the state court judgment is based on an allegation that the state court's action was unconstitutional. *Exxon Mobil Corp. v. Saudi Basic Indus. Corp.*, 544 U.S. 280, 292, 125 S. Ct. 1517, 161 L. Ed. 2d 454 (2005). Federal appellate review of state court judgments can only occur in the United States Supreme Court, by appeal or by writ of certiorari. *Id.*

*Rooker-Feldman* is a doctrine with narrow application. It does not bar federal jurisdiction "simply because a party attempts to litigate in federal court a matter previously litigated in state court." *Exxon Mobil Corp.*, 544 U.S. at 293; *Berry*, 688 F.3d 298-99. It also does not address potential conflicts between federal and state court orders, which fall within the parameters of the doctrines of comity, abstention, and preclusion. *Berry*, 688 F.3d 299. Rather, the *Rooker-Feldman* doctrine applies only where a party losing his or her case in state court initiates an action in federal district court complaining of injury caused by a state court judgment itself and seeks review and rejection of that judgment. *Berry*, 688 F.3d 298-99; *In re Cook*, 551 F.3d 542, 548 (6th Cir. 2009). To determine whether *Rooker-Feldman* bars a claim, the Court must look to the "source of the injury the plaintiff alleges in the federal complaint." *McCormick v. Braverman*, 451 F.3d 382, 393 (6th Cir. 2006); *see Berry*, 688 F.3d at 299.

Plaintiff asks this Court to "grant judgment in [his] favor." It appears, therefore, that Plaintiff is asking the Court to overturn the final judgment of divorce decree and issue judgment in his favor in the state court case. To that extent, this Court lacks subject

4

matter jurisdiction pursuant to *Rooker-Feldman*. This Court cannot vacate the judgment of the state court.

Additionally, the fraud exception to the *Rooker-Feldman* doctrine is not available to Plaintiff. *See, e.g., In re Sun Valley Foods Co.*, 801 F.2d 186, 189 (6th Cir. 1986) (recognizing an exception to the general rule that precludes a lower federal court from reviewing a state's judicial proceedings when a collateral attack on a state court judgment is alleged to have been procured through fraud, deception, accident, or mistake). Plaintiff's only reference to fraud is his general and conclusory claim that fraud is "a common theme … between all of the defendants." (Doc. No. 1 at 4). Plaintiff alleges no specific facts against the named defendants to support a claim of fraud. *See id*; *see also Cikraji v. Messerman*, No. 1:13CV2059, 2014 U.S. Dist. LEXIS 90589, *9 (N.D. Ohio Jun 30, 2014) (finding the fraud exception to *Rooker-Feldman* doctrine unavailable to Plaintiff who failed to allege facts in support of a fraud claim); *Smith v. Palasades Collection, LLC*, No. 1:07 CV 176, 2007 U.S. Dist. LEXIS 28348, 2007 WL 1039198, at *4 (N.D. Ohio Apr. 3, 2007) (holding that a claim of fraud is not advanced if a plaintiff's only argument is that "the court did not rule in his favor"); *Belock v. Burt*, 19 Fed. App'x. 323, 325 (6th Cir. 2001) (holding that although plaintiff alleged fraud, "the gist of [Plaintiff's] federal complaint is that he is unhappy with the results of the state court proceedings. Federal Courts lack jurisdiction over such a case.").

Further, even if not barred by *Rooker-Feldman*, Plaintiff's claims are barred by the doctrine of *res judicata* to the extent Plaintiff is seeking to litigate the matter for a second time in a different court in the hope of obtaining a different result. The doctrine of *res judicata* bars duplicative litigation based on the same event or events. *Montana v.*

5

*United States*, 440 U.S. 147, 153, 99 S. Ct. 970, 59 L. Ed. 2d 210 (1979); *Parklane Hosiery Co., Inc. v. Shore*, 439 U.S. 322, 326, 99 S. Ct. 645, 58 L. Ed. 2d 552 (1979). The term "res judicata" literally means "a thing [already] adjudicated." Black's Law Dictionary, 2nd Ed. When one court has already resolved the merits of a case, another court will not revisit them. *Montana*, 440 U.S. at 153; *Parklane Hosiery Co., Inc.*, 439 U.S. at 326. The doctrine of *res judicata* therefore precludes a party from bringing a subsequent lawsuit on the same claim or from raising a new defense to defeat the prior judgment. *Gargallo v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, 918 F.2d 658, 660 (6th Cir. 1990). It bars relitigation of every issue actually brought before the Court and every issue or defense that should have been raised in the previous action. *Id.*

Furthermore, *res judicata* bars Plaintiff from relitigating in federal court claims and issues that were previously decided by a state court. *Bragg v. Flint Bd. of Educ.*, 570 F.3d 775, 776 (6th Cir. 2009).

Here, Plaintiff appears to claim that Defendants permitted his ex-wife to lie under oath during the divorce proceedings, which ultimately prevented Plaintiff's access to his children. He also appears to allege "Portage County" colluded with his ex-wife during the proceedings, discriminated against him due to his "long COVID" disability, and deprived him of due process during the proceedings. The divorce decree, which also governs visitation and custody of the plaintiff's children, has been previously decided by the Domestic Relations Division of the Portage County Common Pleas Court. *Res judicata* therefore bars Plaintiff from relitigating the divorce decree in federal court, even if Plaintiff is attempting to raise new defenses to defeat the prior judgment of divorce. This Court must give full faith and credit to the judgment of the state court.

6

Additionally, federal courts lack jurisdiction over domestic relations matters. *Danforth v. Celebrezze*, 76 F.App'x 615, 616 (6th Cir. 2003); *Ankenbrandt v. Richards*, 504 U.S. 689, 703, 112 S. Ct. 2206, 119 L. Ed. 2d 468 (1992) ("[T]he domestic relations exception ... divests the federal courts of power to issue divorce, alimony, and child custody decrees."). "Although this domestic relations exception to federal jurisdiction does not apply to a civil action that merely has domestic relations overtones, ... federal courts lack jurisdiction where the action is a mere pretense and the suit is actually concerned with domestic relations issues." *Danforth*, 76 F.App'x at 616 (internal citation omitted). Here, the core concern of Plaintiff's complaint is one of domestic relations because he contests the divorce decree and he alleges he has been denied access to his children. This Court therefore lacks subject matter jurisdiction over Plaintiff's claims because they fall exclusively within the jurisdiction of the state court.

Finally, Plaintiff's allegations are so convoluted, vague, and conclusory that they fail to meet basic federal pleading requirements or state any plausible claim for relief. *See Lillard v. Shelby Cty. Bd. of Educ.*, 76 F.3d 716, 726 (6th Cir. 1996) (a court is not required to accept summary allegations or unwarranted conclusions in determining whether a complaint states a claim for relief). Moreover, the defendants enjoy immunity in this case.

It is well established that judges are generally entitled to absolute immunity from civil suits for money damages. *Mireles v. Waco*, 502 U.S. 9, 9, 112 S. Ct. 286, 116 L. Ed. 2d 9 (1991); *Barnes v. Winchell*, 105 F.3d 1111, 1115 (6th Cir. 1997). They are accorded this broad protection to ensure that the independent and impartial exercise of their judgment in a case is not impaired by the exposure to damages by dissatisfied litigants.

*Barnes*, 105 F.3d at 1115. For this reason, absolute immunity is overcome only when (1) the conduct alleged is performed at a time when the defendant is not acting as a judge; or (2) the conduct alleged, although judicial in nature, is taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. *Mireles*, 502 U.S. at 11-12; *Barnes*, 105 F.3d at 1116. A judge will not be deprived of immunity even if the action at issue was performed in error, done maliciously, or exceeded his authority. *Stump v. Sparkman*, 435 U.S. 349, 356, 98 S. Ct. 1099, 55 L. Ed. 2d 331 (1978); *Sevier v. Turner*, 742 F.2d 262, 271 (6th Cir. 1984) (merely acting in excess of authority does not preclude immunity).

Here, Plaintiff gives no indication that the defendants were acting in any capacity other than that of a judge when the conduct alleged in the complaint occurred. And there are no factual allegations suggesting the defendants' actions were taken in complete absence of all subject matter jurisdiction of the court over which he or she presides. In fact, the only specific claim attached to a named defendant concerns Judge Roubic's purported knowledge of Plaintiff's ex-wife's testimony in the divorce proceedings. Plaintiff appears to claim that Judge Roubic permitted his ex-wife to lie under oath. Presiding over hearings is a function typically performed by judges during court proceedings. Defendants are therefore entitled to judicial immunity.

Plaintiff's claims are so implausible and devoid of merit that the Court is deprived of jurisdiction. *Apple*, 183 F.3d at 479.

### III. Conclusion

For the foregoing reasons, the Court dismisses this action pursuant to *Apple v. Glenn*.

**IT IS SO ORDERED**.

May 30, 2024
                                                     s/John R. Adams
                                           JUDGE JOHN R. ADAMS
                                           UNITED STATES DISTRICT COURT